**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:  1:09-cv-877-JLK-BNB

JEFFREY M. SHEPARD, an individual,

        PLAINTIFF,

v.

PENDUM, L.L.C., a Delaware limited liability company,

        DEFENDANT.

**STIPULATED PROTECTIVE ORDER**

    IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel for the Plaintiff and the Defendant, and

    Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information that (1) may be entitled to confidential treatment under the Privacy Act, 5 U.S.C. § 552a; (2) may otherwise intrude on the privacy interests of third parties; or (3) which will improperly annoy, embarrass, or oppress any party, witness, third party, or person providing discovery in this case,

    IT IS ORDERED that:

    1.    Any party ("Disclosing Party") which, in the above-captioned lawsuit (the "Lawsuit"), produces or discloses any document, thing or information in any form (which shall be referred to singularly or collectively as "Discovery Materials") may designate such Discovery Materials as "CONFIDENTIAL" when, in the reasonable and good faith judgment of the Disclosing Party making the disclosure, they contain competitively sensitive information, the

disclosure of which would be detrimental to that party. "Discovery Materials" includes the information both as originally produced and in any other form, including copies, notes and summaries of such information.

2. The designation of Discovery Materials as "CONFIDENTIAL" may be effected by visibly marking it "CONFIDENTIAL." To the extent that it would be impractical to visibly mark Discovery Materials as "CONFIDENTIAL" (e.g., when producing materials in electronic form), Discovery Materials may also be so designated in contemporaneous correspondence. The inadvertent disclosure in connection with this Lawsuit of one or more documents that the Disclosing Party believes to contain or reflect confidential, proprietary, and/or trade secret information, shall not constitute a waiver, with respect to such Discovery Materials. In the event of such an inadvertent disclosure of confidential Discovery Materials, the Disclosing Party at any time may provide notice to the other parties directing that all copies of such inadvertently disclosed materials be treated as such consistent with the terms of this Protective Order. ~~A party may move, on reasonable notice, and on grounds other than the inadvertent production of such documents, for an order challenging the designation of such documents as "CONFIDENTIAL."~~

3. No Discovery Materials marked or designated as "CONFIDENTIAL" may be used by any recipient of such information or disclosed to anyone for any purpose other than in connection with this Lawsuit. No Discovery Materials that have been designated as "CONFIDENTIAL" may be disclosed by the recipient of such information to anyone other than those persons designated below in paragraph 4, unless and until the restrictions in this Protective Order are removed either by agreement of the parties or by order of the Court.

2

4.   Discovery Materials designated as "CONFIDENTIAL" may be disclosed to any of the persons identified below and may also be disclosed to any of the parties to this Lawsuit and their agents and employees involved with this Lawsuit.  In addition to the parties in this Lawsuit and their agents and/or employees, the following parties may receive or review "CONFIDENTIAL" Discovery Materials:

(a)   Counsel who have appeared of record for any party in this case and partners, shareholders, associates, paralegal assistants, clerical staff and secretaries who are regularly employed by such counsel, and are engaged in assisting such counsel with respect to this Lawsuit;

(b)   Experts retained by the parties or counsel, but who are not otherwise regularly employed by or affiliated with the parties or with a competitor of the parties, and any such expert's regularly employed assistants, clerical staff and secretaries who are engaged in assisting such expert with respect to this Lawsuit;

(c)   Persons shown on the face of the document to have authored or received it;

(d)   Any person whom the parties agree, in advance and in writing, may receive such Discovery Materials;

(e)   The Court, its officers and its employees in connection with this Lawsuit only (subject to the requirement for filing the designated documents under seal as set forth below in paragraph 10).

5.   No person authorized under paragraph 4 of this Protective Order to receive access to "CONFIDENTIAL" Discovery Materials shall be granted such access until such person has received a copy of this Protective Order and agrees in writing to be bound by it by signing a copy of the agreement attached as Exhibit A to this Protective Order.  The original of each such written

3

agreement shall be maintained by counsel for the party that seeks to disclose "CONFIDENTIAL" Discovery Materials to such persons.  Further, each recipient of "CONFIDENTIAL" Discovery Materials shall not make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this Lawsuit and solely for the purposes of this Lawsuit.

      6.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Stipulated Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

      7.      This Protective Order does not prohibit a party from disclosing Discovery Materials independently obtained from non-confidential sources or sources that do not designate the information as "CONFIDENTIAL" (unless such sources owe an obligation of confidentiality to the party asserting that the Discovery Materials are confidential).

      **8.**      **A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a**

4

**motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.**

~~8.     Any party receiving any Discovery Materials that have been designated as "CONFIDENTIAL" may object in writing to such designation. If such objection cannot be resolved by agreement, the objecting party may file a motion with the Court to determine the validity of the designation. The Discovery Materials which are the subject of such motion(s) shall be treated in accordance with the designated "CONFIDENTIAL" status pending the Court's decision on the motion. In all motions to modify a designation, the party making the designation of "CONFIDENTIAL" shall bear the sole burden of justifying the particular designation made before the Court.~~

9.     Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "CONFIDENTIAL" Discovery Materials, and shall be responsible for insuring that each of his or her regularly employed partners, associates, paralegal assistants, clerical staff and secretaries who are assisting in this Lawsuit and the proposed recipients of Discovery Materials are informed of the terms of this Protective Order and their obligations under it.

5

10. Any Discovery Materials designated under this Protective Order as "CONFIDENTIAL" that are filed with the Court for any purpose shall be filed under seal in accordance with D.C.COLO.LCivR **7.2 and** 7.3. ~~If filed in paper format, such Discovery Materials shall be filed in a sealed envelope or container marked on the outside with the caption of the Lawsuit, the identification of the document(s) or other item(s) within, and a statement substantially in the following form:~~

~~DOCUMENTS UNDER SEAL~~

> ~~This envelope is sealed pursuant to Order of the Court presiding over the above-referenced Lawsuit and contains information designated as confidential in this action and is not to be opened, nor are the contents thereof to be displayed or revealed, except by Order of the Court or pursuant to stipulation of the parties to this Lawsuit.~~

~~The Court, its staff, and counsel for the parties shall have access to any Discovery Materials filed under seal in connection with this Lawsuit.~~ To the extent practicable, "CONFIDENTIAL" Discovery Materials shall be filed separately or in severable portions of filed papers, so that the non-confidential portions may freely be disseminated.

11. This Protective Order shall not be deemed to prejudice in any way the rights of any party insist on, and/or apply to the Court for, any additional protection with respect to the confidentiality of information as that party may consider appropriate.

12. Neither the taking of any action in accordance with the provisions of this Protective Order nor the failure to object to such action shall be construed as a waiver of any claim or defense in this Lawsuit.

13. Nothing in this Protective Order shall limit or preclude any "CONFIDENTIAL" Discovery Materials from being used as evidence by either party in this civil action, provided that

6

the Court determines that such "CONFIDENTIAL" Discovery Materials are otherwise relevant and admissible as evidence.

14. This Protective Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nor shall this Protective Order be deemed or construed as a waiver of the attorney/client, work product, or any other privilege, or of the rights of any party, person or entity to oppose the production of any documents or information on any grounds. Further, nothing in this Protective Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

15. Neither this Protective Order nor a party's designation of particular Discovery Materials as "CONFIDENTIAL" shall be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any Discovery Materials covered by this Protective Order.

16. If a Disclosing Party inadvertently produces information subject to any privilege, the recipient, upon notice from the Disclosing Party of the production and privilege, shall promptly return or destroy all such information, including all copies thereof and all documents incorporating or referring to such information. A return of any allegedly "privileged" materials and information under this paragraph shall not be deemed a waiver of the recipient's right to legally challenge the claim(s) of "privilege" asserted by the Disclosing Party.

17. Within 75 days after final termination of this Lawsuit, including all appeals, any recipient of "CONFIDENTIAL" Discovery Materials under paragraph 4 of this Protective Order shall deliver all such materials, including all copies thereof and all documents incorporating or

7

referring to such information, to counsel for the person which disclosed the materials to the recipient, unless the parties otherwise agree in writing.  Counsel of record need not destroy or return "CONFIDENTIAL" Discovery Materials incorporated in work product or files retained solely by counsel.

18. The parties to this Protective Order agree and understand that counsel for the recipient(s) of any Discovery Materials, whether or not these Discovery Materials are designated as "CONFIDENTIAL," may retain copies of all such documents for his client's file as required by Colorado state law and/or the Colorado Rules of Professional Responsibility. Counsel for the recipients of any Discovery Materials agree to be bound by the terms and conditions set forth in this Protective Order.

19. This Protective Order shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of all parties hereto.  Without limiting the generality of the foregoing, this Protective Order shall survive or remain in full force and effect after the termination of this Lawsuit.  Nothing in this Protective Order shall limit or preclude any party from applying to the Court for relief from this Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

20. If any person receiving documents covered by this Order (the "Receiving Party") is served with a subpoena, request for production of documents, or other similar legal process in another proceeding seeking "CONFIDENTIAL" Discovery Materials, the Receiving Party shall give written notice, by overnight mail and facsimile transmission, within two business days of receipt of such subpoena, request for production, or other legal process, to the undersigned counsel for the Disclosing Party producing the "CONFIDENTIAL" Discovery Materials.  To the

extent permitted by applicable law, the Receiving Party shall not produce any of the Disclosing Party's "CONFIDENTIAL" Discovery Materials for a period of at least fourteen days after providing the required notice to the Disclosing Party.  If, within fourteen days of receiving such notice, the producing party provides written notice to the Receiving Party that it opposes production of its "CONFIDENTIAL" Discovery Materials, the Receiving Party shall not thereafter produce such "CONFIDENTIAL" Discovery Materials except pursuant to a court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the subpoena, request for production, or other legal process.  The Disclosing Party shall be solely responsible for asserting any objection to the requested production.  The Receiving Party shall provide a copy of this Order to the Third-Party requesting production of "CONFIDENTIAL" Discovery Materials.  Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any such order requiring production of "CONFIDENTIAL" Discovery Materials covered by this Order, or to subject itself to any penalties for noncompliance with any such order, or to seek any relief from a court.

21.     The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Protective Order had already been entered as an order by the Court.

Dated October 30, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

Agreed to on this 30th Day of October, 2009

| | |
|---|---|
| */s/ Bryan Kuhn* | */s/ Sven Collins* |
| BRYAN E. KUHN, COUNSELOR AT LAW, P.C. | HOLME, ROBERTS, & OWEN, LLP |
| Bryan E. Kuhn, Esq. | Sven C. Collins, Esq. |
| 1660 Lincoln Street, Ste. 2330 | 1700 Lincoln St. Ste. 4100 |
| Denver, Colorado 80264 | Denver, Colorado 80203 |
| Telephone: (303) 424-4286 | Telephone: (303) 866-0258 |
| Bryan.Kuhn@beklegal.com | Sven.Collins@hro.com |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR PENDUM, L.L.C. |

EXHIBIT "A"

The undersigned _____ (print or type name of person) hereby acknowledges that he or she received a copy of the Stipulated Protective Order entered into in the case entitled "*Jeffrey M. Shepard v. Pendum, L.L.C*." pending before the United States District Court for District of Colorado (Case No. 1:09-cv-877-JLK-BNB), has read the Stipulated Protective Order, agrees to be bound by all the provisions thereof, and hereby submits to the jurisdiction of the United States District Court for District of Colorado for the purpose of enforcement of the terms of the Stipulated Protective Order and the punishment of violations thereof.

Dated:_____

_____
[Signature]

_____
_____
[Address]