IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00877-JLK-BNB

JEFFREY M. SHEPHARD,

Plaintiff,

v.

PENDUM, LLC,

Defendant.

_____

# ORDER
_____

This matter arises on the following:

(1)   **Defendant's Rule 56(f) Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment** [Doc. # 15, filed 10/22/2009] (the "Rule 56(f) Motion"); and

(2)   **Defendant's Motion for Leave to File Reply In Support of Rule 56(f) Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment** [Doc. # 23, filed 11/2/2009] (the "Motion to Reply").

Rule 56(f), Fed. R. Civ. P., provides that a party that cannot present facts essential to its opposition to a motion for summary judgment may obtain a continuance of the summary judgment motion "to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken. . . ."  A Rule 56(f) motion must be supported by an affidavit specifying the reasons why the continuance is necessary.  In addition:

> The purpose of subdivision (f) is to provide an additional safeguard against an improvident or premature grant of summary judgment and the rule generally has been applied to achieve that objective. Consistent with this purpose, courts have stated that technical rulings have no place under the subdivision and that it should be applied with a spirit of liberality.

10B Wright Miller & Kane Federal Practice and Procedure: Civil 3d §2740 at p. 402.

Here, the plaintiff has filed a motion for summary judgment three months after the entry of a scheduling order and nearly four months before the discovery cut-off date. Scheduling Order [Doc. # 7, filed 7/14/2009] at Parts 1 and 6(c). The motion for summary judgment is supported by an affidavit of the plaintiff, among other things.

The Rule 56(f) Motion is supported by an affidavit which specifies that the plaintiff's deposition has not yet been taken; is scheduled for November 5, 2009; and is necessary for the defendant to respond to the motion for summary judgment.

Under these circumstances, I find that it would be improper to deny the defendant of the opportunity to depose the plaintiff prior to responding to the motion for summary judgment. The plaintiff's testimony is clearly relevant to a determination of the motion, as is shown by the fact that the plaintiff submitted his own affidavit in support of that motion. The rush to judgment which the plaintiff proposes is unnecessary and could lead to a premature decision on the dispositive motion. Alternatively, it would almost certainly lead to requests to supplement briefing already done, which is contrary to the notion of judicial efficiency.

IT IS ORDERED that the Rule 56(f) Motion [Doc. # 15] is GRANTED. The defendant may have to and including December 7, 2009, within which to respond to the plaintiff's motion for summary judgment. The plaintiff may reply within 15 days after the filing of the response.

IT IS FURTHER ORDERED that the Motion to Reply [Doc. # 23] is DENIED. No reply

is necessary nor would one assist me in the determination of the Rule 56(f) Motion.

Dated November 3, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge